IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

    Plaintiff,

    v.

UPTOWN FLOOR & HOMES
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

    Defendants.

Civil Action No. 1:07 cv.00282
Judge: Ellen Segal Huvelle

_____/

## DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND FOR EXTENSION OF TIME WITHIN WHICH TO FILE RESPONSIVE PLEADING

COME NOW, the defendants, Uptown Floor & Homes Design, Inc., Farhad

Golchin and Farzad Golchin, by counsel, and hereby move this Honorable Court for

an Order granting an extension of time within which to file a responsive pleading,

and to set aside the default entered on March 5, 2007.  In support thereof, these

defendants rely upon their Memorandum of Points and Authorities.

## LCvR 7 (m) Certification

The undersigned counsel for the defendants hereby certifies that prior to filing this non-dispositive Motion, counsel discussed the anticipated Motion with opposing counsel by telephone on Monday, March 5, 2007. Counsel for the plaintiff refused to consent to an extension of time or to set aside the default, absent a payment of $812 for the alleged fees associated with obtaining the default.

Respectfully submitted,

**UPTOWN FLOOR & HOMES DESIGN, INC. FARHAD GOLCHIN AND FARZAD GOLCHIN**

By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
*Counsel for Defendants Uptown Floor &
Homes Design, Inc., Farhad Golchin and
Farzad Golchin*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Motion for Extension of Time** was served electronically on this 7th day of March, 2007, to:

Stefan Shaibani, Esquire
Litigation Associate, PLLC
Connecticut Building, 9th Floor
1150 Connecticut Avenue, NW
Washington, D.C. 20036
*Counsel for Plaintiff*

Anthony A. Fatemi, Esquire
Anthony Fatemi, L.L.C.
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
*Of Counsel*

Stephen A. Horvath

3

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

    Plaintiff,

    v.

UPTOWN FLOOR & HOMES
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

    Defendants.

Civil Action No. 1:07 cv.00282
Judge: Ellen Segal Huvelle

_____/

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND FOR EXTENSION OF TIME WITHIN WHICH TO FILE RESPONSIVE PLEADING

This matter arises out of alleged personal injuries which occurred on May 10, 2006. The plaintiff alleges that at that time he was assaulted by Farzad Golchin, an employee of both Farhad Golchin and Uptown Floor & Homes Design, Inc. At the time the parties were discussing an outstanding statement for services rendered by the plaintiff, and a dispute arose as to the amount of the payment. The plaintiff alleges that there was a punch to his ear, as a result of which, his Blue Tooth cellular phone device on his left ear fell to the floor.

The defendants deny that the event occurred; deny that the plaintiff was assaulted; and have filed Verifications of the Answer and Grounds of Defense. Copies of those Verifications are attached as required by LcvR 7 (G). Further, this Court lacks subject matter jurisdiction. The defendant, Farhad Golchin, like the plaintiff, is a citizen of the State of Maryland.    As a result, there is a lack of complete diversity as required by 28 U.S.C. § 1332.

According to the Affidavit of Service, each of the defendants was served on February 10.    Farhad Golchin denies service on anyone other than himself individually. The lawsuit was then forwarded to his insurance company. Because of the nature of the allegations, there was some question as to coverage under the insurance. The undersigned counsel received the Complaint on March 2, 2007, which would be the date the Answer and Grounds of Defense would be due and the investigation material on March 5, 2007. Unfortunately, the undersigned counsel was at a hearing before the Virginia Supreme Court on March 2, 2007, and went from that hearing, to a Mediation Conference in the Superior Court of the District of Columbia which lasted the rest of the afternoon. The undersigned did not see the lawsuit, or the need to file a pleading until Monday, March 5, 2007. At that time counsel for the plaintiff was contacted, and the plaintiff's counsel advised the defendants' counsel that he would not grant a one-day extension of time within which to file a responsive pleading, and refused to concede to setting aside the default, alleging that he had to spent time on Sunday to come in to file the default papers.

2

He sought expenses and fees in the amount of $812, the plaintiff's counsel further was unable to identify any prejudice to his client that would have been suffered by the reason of the one-day delay. The only basis for this is an alleged failure to get compensation for one day.[1]

Default judgments are disfavored by modern courts. *Jackson v. Beech*, 205 U.S. App. D.C.84, 636 F. 2d 831 (D.C. Cir. 1980). "Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use a court's power to enter and enforce judgments as a penalty for delays in filing" *Id*. at 835. Modern procedural reforms were designed to eliminate technicalities that preclude the substantive resolution of disputes. *See H.F. Livermore Corp. v. Akatiengesellschaft Gebruder Loepfe*, 139 U.S. App. D.C. 256, 432, F. 2d 689, 691 (D.C. Cir. 1970).

Under Rule 55 (c), Fed.R. Civ. P., a default can be set aside for good cause shown. In determining whether to set aside the default, the Court should consider the following factors: (1) whether the default was willful; (2) whether to set aside would prejudice the plaintiff; and (3) whether the alleged defense is meritorious. *See Keegel v. Key West & Carribean Trading Co.*, 200 U.S.App. D.C. 319, 617 F. 2d 372 (D.C. Cir. 1980). In considering the first factor as to whether the default was willful, there was no purposeful failure on the part of the defendants to answer the pleading. The defendants forwarded the pleading to their insurance company, who, in turn,

---

[1]This, of course, could be taken care of by an award of prejudgment interest.

3

forwarded it to undersigned counsel, who, in turn, upon reviewing the matter, contacted the plaintiff's attorney. But for the fact that counsel was out of the office and in court on March 2, a timely Answer and Grounds of Defense would have been filed. Mere delays in transmitting the case in the process to get it to counsel should not be considered to be a willful fault. In fact, the Fourth Circuit in *Tolson v. Hodge*, 411 F. 2d 123, 130 (4th Cir. 1969) held that there must be at least gross negligence. Further, to the extent that there is fault on the part of counsel, fault of counsel should not be imputed to the client under these circumstances. In *Jackson v. Beech*, the Court commented that "the judge erred in thinking it improper to impute the conduct of the attorney to his clients in considering the Motion to Set Aside the Default Judgment in the case at bar. Default judgments were not designed as a means of disciplining bar at the expense of the litigant's day in court." *Id*. at 836

The second factor to consider is the extent to which the set aside would prejudice the plaintiff. Here, the delay of one day would not prejudice the plaintiff. No prejudice was identified by the plaintiff's attorney in response to specific questions posed during the 7CvR (m) Conference. The prejudice, if any, could be corrected by an award of prejudgment interest.

Finally, the defendants meet the third criteria of showing a meritorious defense. They have provided a Verification of the Answer and Grounds of Defense, and further have asserted that this Court lacks subject matter jurisdiction.

4

This Court should enter an Order setting aside the default, and extending the time to respond to the Complaint.

Respectfully submitted,

**UPTOWN FLOOR & HOMES DESIGN, INC.**
**FARHAD GOLCHIN AND**
**FARZAD GOLCHIN**

By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
*Counsel for Defendants Uptown Floor &*
*Homes Design, Inc., Farhad Golchin and*
*Farzad Golchin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Memorandum of Points and Authorities in Support of Motion for Extension of Time** was served electronically on this 7th day of March, 2007, to:

Stefan Shaibani, Esquire
Litigation Associate, PLLC
Connecticut Building, 9th Floor
1150 Connecticut Avenue, NW
Washington, D.C. 20036
*Counsel for Plaintiff*

5

Anthony A. Fatemi, Esquire
Anthony Fatemi, L.L.C.
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
*Of Counsel*

_____

Stephen A. Horvath

**TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.**
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

    Plaintiff,

    v.

UPTOWN FLOOR & HOMES
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

    Defendants.
_____/

Civil Action No. 1:07 cv.00282
Judge: Ellen Segal Huvelle

## O R D E R

    UPON CONSIDERATION of the defendants' Motion to Set Aside the Default and for an Extension of Time within which to File a Responsive Pleading, and

    IT APPEARING to the Court that the failure to file a responsive pleading was not the result of willful conduct on the part of the defendant; that the plaintiff has not been prejudiced; and that the defendants have raised valid defenses; it is this

_____ day of _____, 2007

ORDERED that the default be and hereby is set aside, and that the Answer

and Grounds of Defense filed on behalf of the defendants shall be timely filed.

_____

Judge Ellen Segal Huvelle

Copies to:

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
Trichilo, Bancroft, McGavin,
Horvath & Judkins, P.C..
3920 University Drive
Fairfax, Virginia  22030
Telephone:  (703) 385-1000
Facsimile:   (703) 385-1555
*Counsel for Defendants Uptown Floor &*
*Homes Design, Inc., Farhad Golchin and*
*Farzad Golchin*

Stefan Shaibani, Esquire
Litigation Associate, PLLC
Connecticut Building, 9th Floor
1150 Connecticut Avenue, NW
Washington, D.C.  20036
*Counsel for Plaintiff*

Anthony A. Fatemi, Esquire
Anthony Fatemi, L.L.C.
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
*Of Counsel*

2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

    Plaintiff,

    v.

UPTOWN FLOOR & HOMES
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

    Defendants.

_____/

Civil Action No. 1:07 cv.00282
Judge: Ellen Segal Huvelle

### DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE

COME NOW, the defendants, Uptown Floor & Home Design, Inc, Farhad
Golchin and Farzad Golchin, by counsel, and for their Answer and Grounds of
Defense to the Complaint, state the following:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The Court lacks subject matter jurisdiction over the parties.  There is a lack of diversity of citizenship between the plaintiff, Sayed Mosen Zahraii and the defendant, Farzad Golchin.  Both are residents and citizens of the State of Maryland.

**Third Defense**

In response to the specific allegations contained in the Complaint, the following is asserted.

1.        The allegations contained in paragraph no. 1 are denied.

2.        The allegations contained in paragraph no. 2 are denied.

3.        It is admitted that the District of Columbia law would apply to this event.

4.        .The allegations contained in paragraph no. 4 are denied.  It is specifically denied that there is diversity of citizenship.

5.        The allegations contained in paragraph no. 5 are denied.  It is denied that all of the defendants are residents of the District of Columbia.

6.        In response to the allegations contained in paragraph no. 6, the defendants assert that they are without knowledge as to the citizenship or information concerning the plaintiff and, therefore, deny these allegations.

7.        The allegations contained in paragraph no. 7 are denied.

8.        The allegations contained in paragraph no. 8 are denied.  It is admitted, however, that Farzad Golchin is the younger brother of Farhad Golchin.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE  •  FAIRFAX, VIRGINIA 22030-2514  •  (703) 385-1000  •  FAX (703) 385-1555

9.      The allegations contained in paragraph no. 9 are denied.  It is admitted that Farzad Golchin is an employee of Uptown Floor & Homes Design, Inc., but denied that he is an employee of Farhad Golchin.

10.     The allegation contained in paragraph no. 10 that Uptown Floor & Homes Design, Inc. is a District of Columbia corporation located at 4477 Connecticut Avenue, N.W. is admitted.  It is denied that Uptown Floor & Homes Design, Inc. was formerly known as Esfahan Carpet & Oriental Rug, Inc.  That was a separate and distinct entity.

11.     The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph no. 11.

12.     In response to the allegations contained in paragraph no. 12, it is admitted that a contract was arranged with Esfahan Carpet & Oriental Rugs, Inc. and a business in which the plaintiff was involved for the purpose of installing speaker systems, telephones and cameras.

13.     The allegations contained in paragraph no. 13 are denied.

14.     The allegations contained in paragraph no. 14 are denied.

15.     In response to the allegations contained in paragraph no. 15, it is admitted that a meeting occurred to discuss the performance of the work by the plaintiff.  The work was incomplete and the system was not functioning as per the contract.

16.     The allegations contained in paragraph no. 16 are denied.

3

17.     The allegations contained in paragraph no. 17 are denied.

18.     The allegations contained in paragraph no. 18 are denied.

19.     The allegations contained in paragraph no. 19 are denied.

20.     The allegations contained in paragraph no. 20 are denied.

21.     The allegations contained in paragraph no. 21 are denied.

22.     The allegations contained in paragraph no. 22 are denied.

23.     The allegations contained in paragraph no. 23 are denied,

24.     The allegations contained in paragraph no. 24 are denied.

25.     In response to the allegations contained in paragraph no. 25, the defendant is without knowledge as to the truth or falsity of those allegations.

26.     The allegations contained in paragraph no. 26 are denied.

27.     The allegations contained in paragraph no. 27 are denied.

28.     The allegations contained in paragraph no. 28 are denied.

29.     The allegations contained in paragraph no. 29 are denied.

30.     The allegations contained in paragraph no. 30 are denied.

31.     The allegations contained in paragraph no. 31 are denied.

32.     The allegations contained in paragraph no. 32 are denied.

33.     The allegations contained in paragraph no. 33 are denied.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

### Count One - Battery

34.      In response to the allegations contained in paragraph no. 34, the defendants repeat and re-allege their responses to the allegations contained in paragraph nos. 1 through 33.

35.      The allegations contained in paragraph no. 35 are denied.

36.      The allegations contained in paragraph no. 36 are denied.

37.      The allegations contained in paragraph no. 37 are denied.

### Count Two - Negligence

38.      In response to the allegations contained in paragraph no. 38, the defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 37.

39.      The allegations contained in paragraph no. 39 are denied.

40.      The allegations contained in paragraph no. 40 are denied.

41.      The allegations contained in paragraph no. 41 are denied.

### Count Three - Negligent Supervision

42.      In response to the allegations contained in paragraph no. 42, the defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 41.

43.      The allegations contained in paragraph no. 43 are denied.

44.      The allegations contained in paragraph no. 44 are denied.

45.      The allegations contained in paragraph no. 45 are denied.

5

46.     The allegations contained in paragraph no. 46 are denied.

## Count Four - Negligent Hiring and Retention

47.     In response to the allegations contained in paragraph no. 47, the defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 46.

48.     The allegations contained in paragraph no. 48 are denied.

49.     The allegations contained in paragraph no. 49 are denied.

50.     The allegations contained in paragraph no. 50 are denied.

51.     The allegations contained in paragraph no. 51 are denied.

52.     The allegations contained in paragraph no. 52 are denied.

## Count Five - Civil Aiding and Abetting

53.     In response to the allegations contained in paragraph no. 53, the defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 52.

54.     The allegations contained in paragraph no. 54 are denied.

55.     The allegations contained in paragraph no. 55 denied.

56.     The allegations contained in paragraph no. 56 are denied.

## Count Six - Intentional Infliction of Emotional Distress

57.     In response to the allegations contained in paragraph no. 57, the defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 56.

6

58.    The allegations contained in paragraph no. 58 are denied.

59.    The allegations contained in paragraph no. 59 are denied.

60.    In response to the allegations contained in paragraph no. 60, the defendants hereby demand a trial by jury.

### Fourth Defense

These defendants intend to rely on all defenses as the facts of this case may show, including the defenses that the plaintiff was not injured in the manner and to the extent alleged; that the plaintiff was not injured as a result of an act or omission by these defendants; that the plaintiff was injured as a result of his own conduct, acts or omissions, including his own contributory negligence; that the plaintiff consented to the conduct; and if applicable, the defense of mutual combat and self-defense.

WHEREFORE, having fully responded to the allegations contained in this lawsuit, the defendants pray that the Complaint be dismissed, that judgment be entered in favor of these defendants and against the plaintiff, along with costs as allowed by law.

Respectfully submitted,

**UPTOWN FLOOR & HOMES DESIGN, INC.**
**FARHAD GOLCHIN AND**
**FARZAD GOLCHIN**

By Counsel

7

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.

_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia  22030
Telephone:      (703) 385-1000
Facsimile:      (703) 385-1555
*Counsel for Defendants Uptown Floor &*
*Homes Design, Inc., Farhad Golchin and*
*Farzad Golchin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer and Grounds of Defense** was served electronically, on this day of March,  2007, to:

Stefan Shaibani, Esquire
Litigation Associate, PLLC
Connecticut Building, 9th Floor
1150 Connecticut Avenue, NW
Washington, D.C.  20036
*Counsel for Plaintiff*

Anthony A. Fatemi, Esquire
Anthony Fatemi, L.L.C.
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
*Of Counsel*

_____
Stephen A. Horvath

8

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

    Plaintiff,

    v.                       Civil Action No. 1:07 cv.00282

UPTOWN FLOOR & HOMES            Judge: Ellen Segal Huvelle
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

    Defendants

## VERIFICATION OF ANSWER AND GROUNDS OF DEFENSE

COMES NOW, the defendant, Farhad Golchin, individually and as President
of Uptown Floor & Homes Design, Inc. by counsel, and hereby asserts that he has
reviewed the Answer and Grounds of Defense, and that to his knowledge and belief,
the Answer and Grounds of Defense is true and accurate.

Farhad Golchin

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE  •  FAIRFAX, VIRGINIA 22030-2514  •  (703) 385-1000  •  FAX (703) 385-1555

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

    Plaintiff,

    v.                           Civil Action No. 1:07 cv.00282
                                    Judge: Ellen Segal Huvelle

UPTOWN FLOOR & HOMES
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

    Defendants

## VERIFICATION OF ANSWER AND GROUNDS OF DEFENSE

    COMES NOW, the defendant, Farzad Golchin, by counsel, and hereby asserts that he has reviewed the Answer and Grounds of Defense, and that to his knowledge and belief, the Answer and Grounds of Defense is true and accurate.

Farzad Golchin

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAYED MOSEN ZAHRAII

     Plaintiff,

     v.                                            Civil Action No. 1:07 cv.00282
                                                Judge: Ellen Segal Huvelle
UPTOWN FLOOR & HOMES
DESIGN, INC., a/k/a UPTOWN
FLOORS & HOME REMODELING,
INC., a/k/a ESFAHAN CARPET &
ORIENTAL RUG, INC.

And

FARHAD GOLCHIN

and

FARZAD GOLCHIN

     Defendants.

_____/

## CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

I, the undersigned counsel for record for Uptown Floor & Homes Design, Inc.,

certify that, to the best of my knowledge and belief, there are no parent companies,

subsidiaries or affiliates of Uptown Floor & Homes Design, Inc. which have any

outstanding securities in the hands of the public.  These representations are made

in order that the judges of this Court may determine a need for recusal.

Respectfully submitted,

**UPTOWN FLOOR & HOMES DESIGN, INC.**
**FARHAD GOLCHIN AND**
**FARZAD GOLCHIN**

By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.

Stephen A. Horvath, Esquire
D.C. Bar #417137
3920 University Drive
Fairfax, Virginia  22030
Telephone:  (703) 385-1000
Facsimile:   (703) 385-1555
*Counsel for Defendants Uptown Floor &*
*Homes Design, Inc., Farhad Golchin and*
*Farzad Golchin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Certificate** was served electronically on this 6th day of March,   2007, to:

Stefan Shaibani, Esquire
Litigation Associate, PLLC
Connecticut Building, 9th Floor
1150 Connecticut Avenue, NW
Washington, D.C.  20036
*Counsel for Plaintiff*

2

Anthony A. Fatemi, Esquire
Anthony Fatemi, L.L.C.
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
*Of Counsel*

Stephen A. Horvath

3